UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDELL SMITH, | 1:11-CV-00386 GSA HC |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| C. ALLISON, Warden, et al., | |
| Respondents. | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He has consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c).

On March 7, 2011, Petitioner filed the instant petition for writ of habeas corpus.  Petitioner claims the California Board of Parole Hearings' September 23, 2009 denial of parole violates the Eighth Amendment proscription against cruel and unusual punishment.

A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.  Failure to State a Claim

In Swarthout v. Cooke, ___ U.S.___, 131 S.Ct. 859, 2011 WL 197627 (2011), the Supreme Court stated that a federal habeas court's inquiry into whether a prisoner denied parole received due process is limited to determining whether the prisoner "was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." Id., at 862, *citing*, Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979).  Review of the instant case reveals Petitioner was present at his parole hearing, was given an opportunity to be heard, and was provided a statement of reasons for the parole board's decision. (See Petition Ex. A.) According to the Supreme Court, this is "the beginning and the end of the federal habeas courts' inquiry into whether [the prisoner] received due process." Swarthout, 131 S.Ct. at 862. "The Constitution does not require more [process]." Greenholtz, 442 U.S. at 16.

Nevertheless, Petitioner contends the denial constitutes cruel and unusual punishment in violation of the Eighth Amendment.  His arguments are meritless.  Petitioner was convicted of one count of second degree murder and two counts of robbery for which he was sentenced to a term of 15 years to life.  Since the maximum term is life, the Board's denial has not altered his sentence in any respect and cannot be said to constitute cruel and unusual punishment.  To the extent Petitioner argues his sentence of 15 years to life constitutes cruel and unusual punishment, this claim is also plainly without merit, as he has failed to demonstrate that his sentence is grossly disproportionate to his crimes of murder and robbery. See Lockyer v. Andrade, 538 U.S. 63 (2003); Ewing v. California, 538 U.S. 11 (2003); Harmelin v. Michigan, 501 U.S. 957, 1001 (1991); Solem v. Helm, 463 U.S. 277, 290 (1983); Rummel v. Estelle, 445 U.S. 263, 272 (1980).

Therefore, the instant petition does not present cognizable claims for relief, and no cognizable claim could be raised if leave to amend were granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971). The petition must be dismissed.

E. D. California

2

C.  Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)  (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a

1 | certificate of appealability.

## ORDER

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is SUMMARILY DISMISSED with prejudice;

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) The Court DECLINES to issue a certificate of appealability.


 IT IS SO ORDERED.

**Dated:   March 28, 2011**                    **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE